UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES WILLIAM GAULT,

Plaintiff,

v.                                                        CAUSE NO. 3:22-CV-879-DRL-MGG

CHAD GALLIGAN *et al.*,

Defendants.

OPINION AND ORDER

James William Gault, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must nevertheless give a *pro se* complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Gault, who is currently in custody at the Wabash County Jail, sues three officers of the Wabash Police Department. He was incarcerated as a work release participant when the events in question began. He alleges that on or around December 19, 2019, a woman named Janell Colegrove Thorpe was caught on camera breaking into

Mr. Gault's moped, which was located in the basement area of the jail. He claims he contacted the Wabash Police Department to have her arrested, but the officers—including Officer Chad Galligan—refused because "she didn't have an arrest record." ECF 1 at 2. After they failed to detain her, Ms. Thorpe went to Mr. Gault's residence, set several fires in his home, and allegedly stole or destroyed his deceased parents' ashes.

Although the remainder of the complaint is somewhat difficult to follow, it appears that Ms. Thorpe lived at Mr. Gault's residence for some time before being evicted. During the eviction process, Officer Hayes took photographs of the damage Ms. Thorpe had caused to Mr. Gault's residence, and his family members informed Officer Hayes that Ms. Thorpe had also destroyed their parents' ashes. On January 31, 2020, Mr. Gault was able to meet with his family members and various police officers at the residence to discuss the issue, but the officers told him that "none of it is their problem." *Id.* at 3.

On February 13, 2020, Mr. Gault was released on house arrest, and he did a "Facebook Live post" about the damages Ms. Thorpe had caused and the failure of the police to detain her. *Id.* The next day, he applied for a restraining order against Ms. Thorpe. During the hearing, he told the judge what had happened and how the officers had refused to assist him. The judge referred him to the prosecutor's office, and Mr. Gault also filed a report with Detective Mooney, but Ms. Thorpe was still not arrested. Sometime later, the Wabash Police Department "found a guy hiding in [Mr. Gault's] basement with drugs and charged [Mr. Gault] for his drugs." *Id.* at 4. He believes he was "set up" because he had previously complained about the police department, the judge,

and the prosecutor during his Facebook Live post. *Id*. Mr. Gault has sued Officer Galligan, Officer Hayes, and Detective Mooney for monetary damages.

As an initial matter, Mr. Gault doesn't have a constitutional right to bring charges against another individual or even to force the police to investigate an alleged crime. *See e.g. Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General."); *see also Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (plaintiff "does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction"). Therefore, these claims will be dismissed with prejudice.

Mr. Gault also claims he was subjected to false arrest and/or malicious prosecution when he was arrested and charged with drug crimes due to the man hiding in his basement. To state a false arrest or false imprisonment claim under the Fourth Amendment, a plaintiff must allege he was detained or arrested without probable cause. *McBride v. Grice*, 576 F.3d 703, 706-07 (7th Cir. 2009); *Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993). "Probable cause is an absolute defense to any claim under [42 U.S.C.] § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 Fed. Appx. 612, 615 (7th Cir. 2019) (the existence of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). Federal claims for

malicious prosecution pursuant to 42 U.S.C. § 1983 also arise under the Fourth Amendment and require that the prosecution be instituted without probable cause, that a "malicious" motive exist in bringing the charge, and that the prosecution terminate the proceeding in favor of the accused. *See Thompson v. Clark*, ––– U.S. ––––, 142 S. Ct. 1332, 1337-38 (2022).

A review of the state court electronic docket sheds additional light on this matter.[1] Mr. Gault was charged with possession and dealing of methamphetamine, possession of marijuana, and being a habitual offender on May 6, 2021. *See generally State of Ind. v. James W. Gault*, cause no. 85C01-2105-F2-000484 (filed May 11, 2021), available online at: https://public.courts.in.gov/mycase (last visited June 6, 2023). These charges are still pending, and a jury trial is currently set to begin September 26, 2023. *See id*.

Under the *Younger* doctrine, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). This is because "underlying principles of comity, equity, and federalism" are at play in such situations. *J.B. v. Woodard*, 997 F.3d 714, 724 (7th Cir. 2021). Potential claims that can trigger *Younger* include those arising from illegal searches, seizures, detentions, and prosecutions. *See Gakuba*, 711 F.3d at 753. "Generally—at least in the context of the *Younger* abstention doctrine—staying the case, rather than an all-out dismissal of a claim,

---

[1] The court is permitted to take judicial notice of public documents in screening the complaint. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018); *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

is the proper disposition where a plaintiff seeks compensatory damages." *Woodard*, 997 F.3d at 724; *see also Shaw v. County of Milwaukee*, no. 21-1410, 2022 WL 1001434, 2 (7th Cir. Apr. 4, 2022) ("district court should have stayed rather than dismissed [the plaintiff's] damages claims" pursuant to *Younger*) (citing *Gakuba*, 711 F.3d at 753). Here, Mr. Gault's claims—that law enforcement officers "set him up" and then falsely arrested and maliciously prosecuted him with the help of the prosecutor and judge because he had complained about their conduct during a Facebook Live post—"involve constitutional issues that may be litigated during the course of his criminal case." *Gakuba*, 711 F.3d at 753. "Deciding those issues in federal court could undermine the state court proceeding[.]" *Id.* Therefore, a stay of this case is appropriate under *Younger*.

In addition to *Younger*, the court has inherent authority to stay a case when, as here, a litigant is effectively trying to litigate the same issues in two pending cases. Permitting such "parallel civil litigation" runs counter to "core principles of . . . comity, consistency, and judicial economy." *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019). Allowing Mr. Gault's civil case to proceed while the criminal case is pending "opens up another can of worms, because civil discovery is much broader than criminal discovery— that is, criminal defendants can learn a lot more about the prosecution's case through civil discovery than they otherwise would be able to in the criminal case alone." *Commodity Futures Trading Comm'n v. Nowak*, No. 19-CV-6163, 2020 WL 3050225, at *2 (N.D. Ill. June 8, 2020). "The distinction between the two discovery protocols is not idle: criminal discovery is narrower because of concerns that criminal defendants may use this information to impede investigations into them, tamper with witnesses, or craft more

airtight perjured testimony." *Id.* Given the overlap of the issues presented in these cases, these concerns are present here.

Furthermore, Mr. Gault's claim that he was "set up" to take the fall for the man hiding in his basement—in other words, that he, himself, is not guilty of the pending drug charges—directly undercuts the validity of these state criminal charges. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Such a claim cannot be brought while "criminal proceedings are ongoing," and instead becomes cognizable only when "the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck*." *McDonough*, 139 S. Ct. at 2158. The Supreme Court has directed that "[i]f a plaintiff files a [civil] claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.*

Based on the foregoing, for the court to consider Mr. Gault's possible false arrest or malicious prosecution claims on the merits, he must first complete his underlying criminal case and then exhaust all of his appellate options in state court. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995) ("Even though the state trial has ended, however, [the plaintiff's] federal damage action raises constitutional issues that are potentially subject to adjudication in his appeal to the state supreme court. . . . *Younger* abstention is therefore appropriate while the case works its way through the state appellate process."); *see also Cannon v. Newport*, 572 Fed. Appx. 454 (7th Cir. 2014) ("*Younger* continues to apply while state criminal cases go through the appellate process.").

Accordingly, the court will administratively close Mr. Gault's case at this time. When he has fully litigated his pending criminal case through the state system, he may file a motion with this court, asking to reopen the case. When that has occurred—and if he still wishes to proceed with this lawsuit—he must file a motion to lift the stay. Depending on the outcome of the criminal case, the court will determine at that time whether his civil claims may proceed. *See Wallace*, 549 U.S. at 394. If he does not move to lift the stay within 30 days of the final resolution of his criminal case, the stay will be converted to a dismissal without prejudice.

For these reasons, the court:

(1) DISMISSES WITH PREJUDICE the claims against Officer Chad Galligan, Officer Hayes, and Detective Mooney related to the lack of investigation/prosecution of Janell Colegrove Thorpe;

(2) STAYS any possible false arrest and/or malicious prosecution claims pending

the resolution of *State of Ind. v. James W. Gault*, cause no. 85C01-2105-F2-000484 (filed May 11, 2021);

(3) ORDERS James W. Gault to file a motion to lift the stay <u>within 30 days after his criminal case is fully litigated</u> through every level of the state system;

(4) CAUTIONS him that if he does not do so, the stay will be converted to a dismissal without prejudice; and

(5) DIRECTS the clerk to STATISTICALLY CLOSE this case.

SO ORDERED.

June 12, 2023                                             <u>s/ *Damon R. Leichty*</u>
                                                         Judge, United States District Court