UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES WILLIAM GAULT,

    Plaintiff,

    v.      CAUSE NO. 3:22-CV-879 DRL

CHAD GALLIGAN *et al.*,

    Defendants.

OPINION AND ORDER

On June 12, 2023, the court stayed this case—filed by James William Gault, a prisoner without a lawyer—which alleges misconduct by officers of the Wabash Police Department, until a state criminal case resulting from his interactions with the officers concluded. ECF 21. The court instructed him to file a motion to lift the stay within 30 days after the criminal case was fully litigated and cautioned him that if he didn't do so, the stay would be converted to a dismissal without prejudice for the remaining claims. *Id*.

Public records reflect a judgment in the state criminal case was entered on August 5, 2024.[1] *See generally State of Ind. v. James W. Gault*, cause no. 85C01-2105-F2-000484 (filed May 11, 2021), available online at: https://public.courts.in.gov/mycase (last visited Oct. 9, 2024). Mr. Gault pleaded guilty to possession of 28 or more grams of methamphetamine and was sentenced that same day. *Id.* More than 30 days have passed since judgment was entered in the criminal case. Mr. Gault hasn't appealed that judgment or moved to lift the

---

[1] The court is permitted to take judicial notice of public records. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

stay in this civil case. As explained in the stay order, his claims regarding the officers' failure to investigate and/or arrest another citizen at his request were dismissed because they are without merit. *See* ECF 21 at 3 (citing *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015)). Moreover, his allegations that he was subjected to false arrest and/or malicious prosecution when he was arrested and charged with drug crimes—allegedly as a "set up" to take the fall for a man hiding in his basement—clearly implicate the validity of his criminal conviction and are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See generally* ECF 21 at 3–6. Accordingly, those claims will be dismissed without prejudice. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).[2]

For these reasons, the court:

(1) DIRECTS the clerk to LIFT THE STAY and REOPEN THIS CASE;

(2) DISMISSES WITH PREJUDICE the allegations against Officer Chad Galligan, Officer Hayes, and Detective Mooney related to the lack of investigation/prosecution of Janell Colegrove Thorpe pursuant to 28 U.S.C. § 1915A because they fail to state any claims;

---

[2] *See also Heck*, 512 U.S. at 486–87 (plaintiff cannot obtain an award of damages for wrongful incarceration or pursue any other claim that would necessarily imply the invalidity of his conviction unless it is reversed on direct appeal, expunged, or otherwise declared invalid); *Thompson v. Clark*, 596 U.S. 36, 44 (2022) (federal claims for malicious prosecution brought pursuant to 42 U.S.C. § 1983 require that the prosecution was terminated in favor of the accused); *Mockbee v. Lee*, no. 20-2004, 2021 WL 5918556, 1 (7th Cir. Dec. 15, 2021) (claim that state prosecutors, the judge, and the court reporter conspired to violate the plaintiff's constitutional rights by tampering with the evidence and the docket were barred by *Heck*); *Crowder v. Barrett*, no. 22-1899, 2023 WL 3145312, 4 (7th Cir. Apr. 28, 2023) ("Finally, to the extent that [the plaintiff] intends to argue that he was unfairly prosecuted, that argument must fail because his robbery charge ended in a conviction that has not been overturned.") (citing *Thompson*, 596 U.S. at 49)).

(3) DISMISSES WITHOUT PREJUDICE the false arrest and/or malicious prosecution claims related to *State of Ind. v. James W. Gault*, cause no. 85C01-2105-F2-000484 (filed May 11, 2021) pursuant to 28 U.S.C. § 1915A because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and

(4) DIRECTS the clerk to CLOSE this case and enter judgment accordingly.

SO ORDERED.

October 11, 2024                             *s/ Damon R. Leichty*
                                             Judge, United States District Court